Lettie D. EVANS, Plaintiff-Appellant,

v.

**SYRACUSE CITY SCHOOL DISTRICT,**
Defendant-Appellee.

No. 812, Docket 82–7737.

United States Court of Appeals,
Second Circuit.

Argued Feb. 4, 1983.

Decided March 25, 1983.

Daan Braveman, Syracuse, N.Y., for plaintiff-appellant.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N.Y. (David Peebles, Syracuse, N.Y., on the brief), for defendant-appellee.

Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge, and RE,* Chief Judge.

RE, Chief Judge:

In this action, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* a black female citizen appeals from an order entered August 31, 1982, in the District Court for the Northern District of New York. This order granted defendant's motion to amend its answer as well as defendant's motion for summary judgment on the amended answer. It also dismissed plaintiff's Title VII action on the ground that it was barred by res judicata. The plaintiff also appeals a subsequent order which denied her motion to vacate the order of August 31, 1982. No written opinion accompanies either order here appealed.

Plaintiff raises two questions on this appeal. The first is whether a state court order, dismissing plaintiff's petition under N.Y. Executive Law § 298 for failure to proceed, operates as res judicata and precludes plaintiff's present Title VII action in the federal district court. The second is whether the district court abused its discretion in granting the defendant leave to amend its answer to include the defense of res judicata nearly three years after the answer was filed, after a pre-trial order, and on the eve of trial.

---

* Hon. Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

Since we decide that, under the circumstances presented, the district court abused its discretion in granting defendant leave to amend, it is not necessary to decide whether the state court order was res judicata.

Until her employment was terminated on June 30, 1975, plaintiff was a guidance counselor at a junior high school operated by the defendant. Acting *pro se*, she filed with the New York State Division of Human Rights a complaint alleging racial discrimination in her termination. On September 10, 1976, the Division of Human Rights issued a finding of no probable cause. Plaintiff's subsequent appeal to the New York State Human Rights Appeal Board was dismissed on June 29, 1977 because of her failure to appear at a hearing. On July 26, 1977, plaintiff requested the Appellate Division of the Supreme Court of the State of New York, Fourth Department, to review the agency's determination. The Appellate Division notified the plaintiff that she had to file seven copies of her brief. Still acting *pro se,* she failed to comply, and, on November 29, 1979, the Appellate Division, *sua sponte,* dismissed the proceeding for failure to prosecute. This dismissal by the Appellate Division is the basis of the August 31, 1982 order on appeal which dismissed plaintiff's Title VII action on the ground that it was barred by res judicata. Although it need not be considered here, plaintiff contends that res judicata does not bar the present Title VII claim since the prior state court order for failure to prosecute was not a judgment on the merits.

Concurrently with the state proceedings, on July 2, 1975, plaintiff filed a similar complaint with the U.S. Equal Employment Opportunity Commission. On August 4, 1978, she was notified by the Commission that her complaint had been dismissed, and that she had a right to bring a civil action under Title VII of the 1964 Civil Rights Act. On November 3, 1978, she initiated the present action, and defendant filed its answer on July 3, 1979. On August 27, 1979, plaintiff applied to the court for leave to proceed in *forma pauperis,* and counsel was appointed on December 10, 1979.

Plaintiff's counsel undertook pre-trial discovery, which was complete by December 1981. A pre-trial conference was held on December 15, 1981, and again on June 11, 1982. Pursuant to a pre-trial order, issued at the June 11, 1982 conference, the parties submitted their pre-trial briefs and stipulations by August 16, 1982, and trial was scheduled to begin on August 30, 1982.

On August 24, 1982, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, defendant moved for leave to amend its answer, and, pursuant to Rule 56, moved for summary judgment. This was the first time that defendant asserted res judicata as a potential defense. The trial was delayed by agreement of the parties, and oral argument on the motions was held on August 31, 1982. On that date the district court granted defendant's motion to amend and defendant's motion for summary judgment, and dismissed plaintiff's Title VII claim as barred by res judicata.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely granted "when justice so requires." This liberality of pleading or freedom of amendment, however, is limited when there is "undue delay, bad faith or dilatory motive" on the part of the moving party, and "undue prejudice to the opposing party...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Although the grant or denial of leave to amend is within the discretion of the district court, a decision "without any justifying reason" may be an "abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

The burden of the parties, in requesting or resisting the amendment of pleadings, was noted in *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.Del.1980), in which the Court observed that:

As a practical matter, however, any delay in asserting an affirmative defense for a significant period of time will almost invariably result in some "prejudice" to the nonmoving party.... [T]he proper standard is one that balances the length of

the delay against the resulting prejudice. . . . [T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.

Clearly, whether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court. Except when required by the demands of justice in the particular case, appellate courts almost invariably defer to the discretion exercised by the trial court. On appeal, the question is whether the discretion reposed in the trial court has been abused. *See Norbeck v. Davenport Community School District,* 545 F.2d 63, 70 (8th Cir.1976), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).

An indication of the test to be applied in determining whether the trial court has abused its discretion, in allowing leave to amend, is contained in *Nevels v. Ford Motor Co.,* 439 F.2d 251, 257 (5th Cir.1971):

> [A]mendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented. . . . [The court] must weigh good cause shown for the delay in moving, *vis a vis* dilatoriness of counsel resulting in last minute surprise and inability of opposing counsel to meet the tendered issue.

■ Defendant was clearly dilatory and delayed unduly in requesting leave to amend. Its answer was filed on July 3, 1979, and the defense of res judicata was available as of November, 1979, when the Appellate Division dismissed plaintiff's appeal for failure to prosecute. Yet, it was not until after two pre-trial conferences, and only six days before the scheduled trial date that defendant made its motion to amend. This occurred on August 24, 1982, two years and nine months after the defense could properly have been asserted. Under these circumstances, in order to justify the amendment, defendant had the burden of showing a compelling reason for the delay. *Nevels, supra.*

■ Defendant's only proffered reason for the delay is that the defense of res judicata was not yet "ripe" for assertion until the Supreme Court's decision in *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In *Kremer,* the Supreme Court affirmed the holding of this court that the district court was required, under 28 U.S.C. § 1738, to give preclusive effect to the state court decision which upheld the state administrative agency's rejection of the employment discrimination claim. Section 1738 requires federal courts to give the same preclusive effect to state court judgments "as they have by law or usage in the courts of the State from which they are taken."

■ Defendant's contention or explanation for the delay is unpersuasive and unavailing. Authority for this application of res judicata existed prior to the Supreme Court decision in *Kremer.* In this circuit, authority was to be found not only in *Kremer v. Chemical Construction Corp.,* 623 F.2d 786 (2d Cir.1980), aff'd, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), but also in *Sinicropi v. Nassau County,* 601 F.2d 60 (2d Cir.), *cert. denied,* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). Surely, since our decisions in *Kremer* and *Sinicropi,* there could have been no doubt that res judicata should have been asserted timely if it was to be relied upon by defendant to preclude the present action in the federal courts. What was stated as to the statute of limitations in *Strauss v. Douglas Aircraft Co.,* 404 F.2d 1152, 1155 (2d Cir.1968), is equally applicable here. In *Strauss,* the court stated:

> . . . the party wishing to raise the defense is obliged to plead [it] at the earliest possible moment. Certainty of success is not an essential element in determining whether to set forth the affirmative defense in a pleading. If the defense lurks in the case, vacillation can cause the other party irreparable injury.

Attempts to justify undue delay by the "unsettled" state of the law have been found wanting in cases such as *Nevels, Strauss,* and *Head v. Timken Roller Bearing Company,* 486 F.2d 870 (6th Cir.1973).

Defendant's answer, filed on July 3, 1979, of course, could not contain the affirmative defense of res judicata. See Fed.R.Civ.P. 8(c). Although the failure to raise the defense of res judicata is deemed to be a waiver, see, *e.g., Badway v. United States,* 367 F.2d 22, 24–25 (1st Cir.1966), defendant did not move to amend its answer to assert that affirmative defense until August 24, 1982, more than two years and nine months after the defense became available. Plaintiff's counsel informed us at oral argument that he had been unaware of the Appellate Division order of November 29, 1979, upon which the defense was based, until defense counsel notified him that the motion to amend would be filed shortly. Apparently plaintiff did not realize that her *pro se* actions in state court had important legal ramifications, and so did not inform her counsel of the order of dismissal. Under the circumstances, it would have been appropriate for defense counsel to have apprised plaintiff's counsel of the facts. It would have been better still if defendant had filed a timely motion to amend. Then the district court could have passed upon its validity before plaintiff and her appointed counsel devoted time, effort and resources to pre-trial discovery, the drafting of a pretrial brief, and preparation for trial.

It is also pertinent to note that the practice followed in this case was not merely prejudicial to plaintiff and her appointed counsel, but also threatens the effective administration of Title VII cases. Although the court may appoint counsel to represent indigent persons with meritorious claims, 42 U.S.C. § 2000e 5(f)(1), the statute does not authorize compensation unless the complaining party prevails, 42 U.S.C. § 2000e 5(k). On the "[c]ongressional recognition of the importance of the appointment of counsel provision, and of the general need to assure expeditious vindication of the rights guaranteed by Title VII," see *Bradshaw v. Zoological Soc. of San Diego,* 662 F.2d 1301, 1316–1317 (9th Cir.1981). To hold that the defendant may assert affirmative defenses under the circumstances presented in this case would discourage all but the most resolute of the compassionate and public-spirited lawyers who would serve as appointed counsel. That possibility would seriously disrupt the benefactory plan devised by Congress for Title VII cases.

 In view of plaintiff's showing of prejudice, and, in the absence of any good cause shown for defendant's delay in asserting the defense of res judicata, the district court abused its discretion in granting defendant leave to amend.

The order and judgment of the district court entered August 31, 1982 is reversed, and the case remanded for further proceedings.