HALLISON H. YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HALLISON H. YOUNG AND PEGGY YOUNG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket Nos. 4168-85;[1]
31620-85; 22773-86
United States Tax Court
T.C. Memo 1989-480; 1989 Tax Ct. Memo LEXIS 480; 58 T.C.M. (CCH) 1; T.C.M. (RIA) 89480; September 5, 1989
Frederick A. Patmon, for the petitioners. Timothy S. Murphy, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: In these consolidated cases, respondent determined deficiencies in and additions to tax to petitioners' Federal income taxes as follows: Hallison H. Young
Docket No. 4168-85
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [2]
Sec. 6653(a)
1978
$ 11,343.58
$ 2,835.90
$ 567.18
Hallison H. Young
Docket No. 31620-85
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1977
$ 11,778.47
$ 2,944.62
$ 588.92
Hallison H. Young and Peggy Young
Docket No. 22773-86
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1) [3]
Sec. 6653(a)(2)
Sec. 6659
1980
$ 10,058.00
$ 2,515.00
$ 608.00
--
--
1981
13,371.00
3,343.00
669.00
50 percent of
$ 4,011.30
interest due
on $ 13,371.00
*483 Respondent has conceded the deficiency and additions to tax for the 1977 tax year. Based on an agreement reached by the parties, [4] the issues remaining for decision are: (1) Whether petitioner Hallison H. Young understated his 1978 income by $ 17,435.08; (2) whether *484 petitioners Hallison H. Young and Peggy Young are entitled to deduct a partnership loss in the amount of $ 82,161.00 for 1981; (3) whether petitioners are entitled to depreciation deductions claimed on their 1978, 1980, and 1981 tax returns resulting from an alleged investment in master recordings; (4) whether petitioners are liable for additions to tax pursuant to sections 6651(a)(1) and 6653(a) for 1978, 1980, and 1981; and (5) whether petitioners' underpayment of tax for 1981 is attributable to a tax motivated transaction for purposes of computing interest pursuant to section 6621(d). [5]
*485 Procedural Background
Prior to the trial of these consolidated cases, both parties filed a number of motions [6] with the Court. These motions were subsequently disposed of prior to trial by orders setting forth the legal and factual reasoning upon which we based our rulings. These motions and orders addressed a number of issues central to the trial of these cases. For that reason, we find it necessary to discuss a number of them in detail. On May 22, 1987, petitioner Hallison H. Young [7] filed a motion in docket No. 31620-85 requesting that the Court issue an order striking, suppressing, and excluding as evidence certain property that was allegedly seized by respondent in an unlawful manner. Petitioner also moved the Court to exclude as evidence certain tax return information allegedly disclosed by respondent in violation of section 6103. In support of his motion, petitioner asserted that respondent obtained the property in violation of his fourth and fifth amendment rights, his right to privacy, and in violation of section 6103. On June 12, 1987, identical motions were filed in docket *486 Nos. 4168-85 and 22773-86. On June 8, 1987, we held a telephone conference with both parties to discuss petitioner's motion in docket No. 31620-85. During that conference, respondent agreed to turn over any documents (copies or originals) in his files that had been supplied by petitioner pursuant to administrative summonses. The parties agreed to meet on June 9, 1987 to facilitate the exchange of documents. Following our telephone conference of June 8, 1987, we issued an order directing the parties to enter into a stipulation covering all facts with respect to petitioner's motion of May 22, 1987 and to be prepared to argue that motion on June 22, 1987. We further ordered the parties to confer prior to June 22, 1987 in an attempt to work out a settlement of all issues raised by the pleadings. We informed the parties that should a settlement not be possible, they should stipulate to all documents to be presented as evidence and to all facts not in dispute. Our Order of June 8, 1987 stated that "documents not offered for stipulation will *487 not be admitted except by special leave of Court." On June 23, 1987, we held a pretrial conference with the parties for purposes of defining the issues in dispute in these three cases and to obtain background information on the following motions that were pending at that time: 1. Petitioners' Motions to Strike and Suppress and Exclude Evidence and for Return of Property and Returns and Return Information, filed * * * June 12, 1987, at docket Nos. 4168-85 and 22773-86, and May 22, 1987, at docket No. 31620-85. 2. Petitioners' Motion for Immediate Delivery and Production of Original Documents Pursuant to Order of June 8, 1987, filed June 23, 1987. 3. Petitioners' Motion for Order Holding Respondent Et Al. in Civil Contempt, to Enforce Subpoena Duces Tecum and Order Compelling Return of Petitioners' Original Documents and Production of Documents, and for Other Relief, filed June 23, 1987. 4. Petitioners' Motions to Shift Burden of Proof or, in the Alternative, Motions to Shift Burden of Going Forward as Prayed for in Petitions, filed June 23, 1987. 5. Petitioners' Motion for Continuance of Hearings Scheduled on June 29, 1987 at 1:30 p.m. on Petitioners' Motions to Shift *488 Burden of Proof or, in the alternative, Motions to Shift Burden of Going Forward as Prayed for in Petitions; and Motion to Strike and Suppress and Exclude Evidence and for Return of Property and Returns and Return Information, filed June 29, 1987. On June 29, 1987, a hearing was held and evidence was received with respect to documents produced by petitioners pursuant to approximately 24 judicially enforced administrative summonses. The parties disagreed as to whether respondent had returned all of these documents to petitioners. After considering the testimony offered by the parties, we concluded that all documents produced by petitioners (except for certain checks pertaining to a tax year not before us) had in fact been returned to petitioners. We informed petitioners that, inasmuch as the documents were produced pursuant to judicially enforced administrative summonses, this Court would not review the rulings of the district court that ordered enforcement of the summonses. We also informed petitioners that even if respondent had disclosed the contents of some of the documents in violation of section 6103, suppression would not be an appropriate remedy. We denied petitioners' *489 motions to shift the burden of proof/burden of going forward and denied petitioners' request for an evidentiary hearing on the remaining pending motions. We concluded by informing petitioners that they could make an appropriate objection during trial to any documents offered into evidence that they contend were illegally seized. In an Order dated July 14, 1987, we ruled on a number of pending motions in the following manner: ORDERED: That, because petitioners' documents were not returned prior to the beginning of the June 22, 1987, session of the Court, these cases are continued generally and are restored to the general docket. It is further ORDERED: That petitioners' motions to strike and exclude evidence and for return of property and returns and return information are denied. It is further ORDERED: That petitioners' motion for order holding respondent in civil contempt to enforce subpoenas duces tecum and order compelling return of petitioners' original documents and production of documents, and for other relief is denied. It is further ORDERED: That petitioners' motion to shift burden of proof or in the alternative to shift burden of going forward as prayed for in *490 petitions is denied. It is further ORDERED: That, in the light of the foregoing findings, petitioners' motion for production of original documents is deemed moot. It is further ORDERED: That petitioners' motion for continuance of hearings on motions is denied. It is further ORDERED: That based on agreements of the parties made in the pretrial conference on June 23, 1987, the issues to be submitted to the Court at the trial of these cases are as follows: (1) Whether petitioners had income for * * * 1977, and 1978 which was not reported on their income tax returns for those years. * * * (3) Whether petitioners are entitled to deductions for partnership losses with respect to a real estate venture disallowed in the notice of deficiency for * * * 1977, and 1981. (4) Whether petitioners are entitled to deductions for each of the years 1976 through 1981 claimed on schedule C of their returns for those years with respect to a master recording. (5) Whether petitioners are liable for the additions to tax under Code sections 6651 and 6653 for all of the years in controversy and under section 6621 for the year 1981. * * * ORDERED: That, on or before 30 days prior to the *491 beginning of the session of the Court at which these cases are next calendared for trial, the parties will prepare, sign, and file with the Court a stipulation of facts to which will be attached all documents which either party proposes to introduce in evidence and will set forth all facts not in dispute or which reasonably should not be in dispute; neither party will be permitted to introduce in evidence any document not offered for stipulation except by special leave of the Court. It is further ORDERED: That, in the event a stipulation is not completed and signed by the parties within 45 days before the beginning of the session of the Court at which these cases are next calendared for trial, the party who has proposed to stipulate will proceed under Rule 91(f) to compel stipulation. On September 29, 1987, these cases were set for trial in Detroit, Michigan, at the session beginning February 29, 1988. On January 15, 1988, respondent, pursuant to Rule 91(f), moved the Court to issue an order requiring petitioners to show cause why proposed facts in evidence should not be accepted as established for purposes of these cases. On January 19, 1988, petitioners moved the Court, pursuant *492 to Rule 91(f), to impose sanctions upon respondent for his failure to stipulate pursuant to the Court's orders of June 8, 1987 and July 14, 1987. Petitioners' motion repeated claims concerning respondent's purported illegal seizure and retention of documents and alleged that respondent repeatedly disregarded Court orders directing the parties to stipulate. On January 21, 1988, we granted respondent's request for an order to show cause and ordered petitioners to file a response on or before February 10, 1988 showing why the matters set forth in respondent's motion papers should not be deemed admitted for purposes of these cases. We noted in our order that if petitioners failed to file a response or filed an evasive response not fairly directed to the proposed stipulation, then that matter or part thereof would be deemed stipulated for purposes of the pending cases. Similarly, on January 22, 1988, we ordered respondent to respond to petitioners' motion to impose sanctions on or before February 2, 1988. On February 1, 1988, respondent filed his response to petitioners' motion to impose sanctions. Respondent fully addressed petitioners' contentions and denied any responsibility *493 for the parties' inability to stipulate and/or prepare for trial. On February 17, 1988, petitioners filed their response to respondent's order to show cause under Rule 91(f). This response was filed out of time and was filed only in docket No. 22773-86. Petitioners' response made a number of comments entirely unsupported by the record. In particular, petitioners (1) insisted that respondent's Rule 91(f) motion was untimely based on the proof of service date, (2) denied that respondent had communicated with them in an effort to stipulate, (3) claimed that respondent's proposed exhibits of their tax returns for the years in issue were altered and included a fraudulent Schedule E, (4) repeated a number of evidentiary objections from their original motion to suppress and exclude evidence, and (5) asserted that respondent committed a fraud on the Court by knowingly offering false documents into evidence. On February 19, 1988, we issued an order denying petitioners' Rule 91(f) motion. We did so because "petitioners did not set forth or attach specific facts to be stipulated and did not annex or identify any of the proposed exhibits or set forth the sources, reasons, and basis for *494 claiming that any matters should be stipulated." On that same date, we issued separate orders in the three cases currently at bar. In docket Nos. 31620-85 and 4168-85, we noted petitioners' failure to respond to respondent's motion to show cause and ordered, based on the contents of respondent's motion and proposed stipulation of facts, that the facts in respondent's proposed stipulation of facts be deemed admitted. In docket No. 22773-86, the only docket in which petitioners filed a response to respondent's motion, we also ordered that the facts in respondent's proposed stipulation be deemed admitted. We found petitioners' response to our order to show cause to be inadequate. On February 1, 1988, petitioner Hallison H. Young filed a motion requesting leave to file an amended petition in docket No. 31620-85. On February 19, 1988, we granted petitioner's motion. The amended petition, filed along with the motion, raised the affirmative defense of the statute of limitations. On March 3, 1988, we issued an order directing both parties to file in writing on or before 12:45 p.m. on March 7, 1988 any motions that they intended to make prior to or at the trial of these cases. This *495 order was issued because both parties had indicated to the Court during a pretrial conference on February 29, 1988 that they intended to make additional motions. On March 7, 1988, respondent moved that the Court quash a subpoena duces tecum served on John O. Hummel, the Detroit District Director of the Internal Revenue Service. In his motion, respondent asserted that Mr. Hummel had no personal knowledge of the issues involved in these cases and did not possess any of the documents sought through the subpoena. We granted respondent's motion on March 9, 1988. On March 7, 1988, petitioners filed a motion captioned "RENEWAL OF MOTIONS SET FORTH IN ITEMS 1, 2, 3, 4 AND 5 on PAGE 1 OF JUDGE FEATHERSTON'S ORDER OF JULY 14, 1987." This motion repeated claims made previously by petitioners concerning respondent's alleged failure to comply with court orders, return documents to petitioners, and participate in the stipulation process. We denied this motion on March 9, 1988. On March 7, 1988, petitioners filed a motion captioned "MOTION FOR REHEARING." Petitioners requested that we reconsider our order of February 19, 1988 denying their Rule 91(f) motion for sanctions. We denied this *496 motion on March 9, 1988. Petitioners also filed a motion on March 7, 1988, requesting that the Court reduce the determined deficiencies to zero due to respondent's purported loss of and refusal to return petitioners' documents. The motion specifically referred to documents pertaining to petitioners' 1976 tax year, a year not presently before us. The motion repeated petitioners' earlier claims that respondent had repeatedly violated court orders and not cooperated in the stipulation process. We denied this motion on March 9, 1988. On that same date we consolidated these three cases for purposes of trial, briefing, and opinion. FINDINGS OF FACT [8]
Hallison H. Young and Peggy Young resided in Detroit, Michigan at the time they filed their petitions in these consolidated cases. Petitioner Hallison H. Young applied for an extension of time to file his 1978 tax return. Petitioner's application was approved and he was granted an extension until October 15, 1979 to file his tax return. Petitioners Hallison H. Young and Peggy Young applied for an extension of time to file their 1980 tax *497 return. This application was subsequently approved and petitioners were granted an extension until October 15, 1981 to file their tax return. Petitioners applied for an extension of time to file their 1981 tax return. This application was subsequently approved and petitioners were granted an extension until October 15, 1982 to file their tax return. Petitioner Hallison H. Young claimed on all three applications that he had an overload of work and had not had time to prepare the returns. Petitioner Hallison H. Young's 1978 tax return was received by the Internal Revenue Service on or about April 18, 1980. Petitioners Hallison H. Young and Peggy Young's 1980 tax return was received by the Internal Revenue Service on or about April 18, 1983. Their 1981 tax return was received by the Internal Revenue Service on or about November 6, 1984. OPINION Petitioners' claim that the statutory notices of deficiency issued by the Commissioner are arbitrary and capricious. Petitioners argue, therefore, that the presumption of correctness which normally attaches to respondent's determination does not attach in these cases. Although this issue was not included in our Order of July 14, 1987 setting *498 forth the issues to be submitted during trial, we will address this argument. The purpose of a proceeding before the Tax Court is to determine a taxpayer's correct tax liability. We base our determination solely on the merits of the case and not on any previous record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974). For this reason, the Court will generally not look behind a notice of deficiency to examine the propriety of the Commissioner's motives in making the determination. Greenberg's Express, Inc. v. Commissioner, supra at 327; Suarez v. Commissioner, 58 T.C. 792, 813 (1972). This Court has on rare occasions, however, recognized an exception to the above rule in cases involving unreported illegal income where respondent introduced no substantive evidence but instead rested on the presumption of correctness and petitioner challenged the deficiency on the ground that it was arbitrary. Llorente v. Commissioner, 74 T.C. 260, 264 (1980), affd. in part and revd. in part 649 F.2d 152 (2d Cir. 1981); Jackson v. Commissioner, 73 T.C. 394, 401 (1979). *499 Under those circumstances, we will inquire into the factual foundations underlying a deficiency notice. Llorente v. Commissioner, supra at 264; Jackson v. Commissioner, supra at 401. We make this inquiry to assist taxpayers who may find it difficult to prove that they did not receive the income claimed and only in the hope that such an inquiry is helpful in terms of determining the taxpayer's correct tax liability. Churukian v. Commissioner, T. C. Memo. 1980-205. This is primarily a disallowed deductions case. At issue is petitioners' entitlement to claimed deductions for depreciation and a partnership loss. Taxpayers in a disallowed deductions case are not required to prove a negative. Rather, to establish entitlement to a deduction, taxpayers must present positive evidence that they meet statutory requisites. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Karme v. Commissioner, 673 F.2d 1062, 1065 (9th Cir. 1982), affg. 73 T.C. 1163 (1980). Therefore, it is inappropriate *500 to look behind a notice of deficiency in a case involving disallowed deductions. Similarly, petitioner's claim concerning the statutory notice issued for the 1978 tax year is also without merit. The notice of deficiency provides a detailed listing of all sources of income not reported on petitioner's tax return for 1978. Three separate appendices detail the facts upon which respondent relied in determining that petitioner had unreported gross income of $ 17,435.08 for taxable year 1978. We conclude, therefore, that the notices of deficiency issued for the years in issue are neither arbitrary nor capricious. We also find it necessary to briefly address a second issue not included in our Order of July 14, 1987, but subsequently raised by petitioner on brief. Petitioner Hallison H. Young argues on brief that assessment of the deficiency and additions to tax for the 1978 tax year is barred by the statute of limitations. Respondent contends, however, that this issue is not properly before the Court. We agree with respondent. On March 7, 1988, petitioner filed a motion in docket No. 4168-85 seeking leave to file an amended petition. Through his motion, petitioner sought to raise *501 the defense of the statute of limitations. We denied this motion on March 9, 1988. Rule 39 requires that a party set forth in his pleading any matter constituting an affirmative defense, such as the statute of limitations. We have continuously held that if a party fails to raise an issue properly in his pleadings, we will not consider that issue. See Markwardt v. Commissioner, 64 T.C. 989, 997 (1975); Estate of Mandels v. Commissioner, 64 T.C. 61, 73 (1975). Strict adherence to this rule of pleading is particularly appropriate where the opposing party was not made aware of the new issue in sufficient time to adequately prepare to meet it. Markwardt v. Commissioner, supra at 997; Estate of Mandels v. Commissioner, supra at 73. Petitioner's motion was filed two days before trial. Had we granted petitioner's motion, respondent would have been prejudiced in his trial preparation. A proposed amendment that operates to prejudice or substantially inconvenience an adverse party should be denied. See Evans v. Syracuse City School District, 704 F.2d 44, 47 (2d Cir. 1983); *502 Dunn v. Koehring Co., 546 F.2d 1193, 1198-1199 (5th Cir. 1977); Barrett v. Foster Grant Co., 450 F.2d 1146, 1149 (1st Cir. 1971). Petitioner failed to properly raise the defense of the statute of limitations. The first issue for decision is whether petitioner Hallison H. Young underreported his 1978 income by $ 17,435.08. Respondent's determinations are presumed correct and petitioner bears the burden of proof. Rule 142(a). Petitioner's attorney stated at trial that the evidence in this case would show that respondent erred in his determination that petitioner failed to report income during 1978. Aside from this statement, no further discussion of this issue occurred during the trial of these consolidated cases. On brief, petitioner first argues that this is a new issue and that respondent bears the burden of proof under Rule 142(a). In support of this argument, petitioner contends that our Order of July 14, 1987 somehow "amends and controls Respondent's pleadings." This purported amendment, according to petitioner, operates to effectively place *503 the burden of proof on respondent. Although it is difficult to ascertain the legal reasoning underlying petitioner's argument, petitioner apparently believes that because neither the statutory notice nor the Order of July 14, 1987 raised or preserved any issue concerning the adequacy of his books and records, the unreported income issue is therefore a new issue with the burden of proof properly placed on respondent. We find petitioner's argument totally lacking in merit. Both the statutory notice of deficiency and our Order of July 14, 1987 clearly indicate that one of the issues to be decided is whether petitioner Hallison H. Young underreported his income on his 1978 tax return. Petitioner, therefore, bears the burden of proof on this issue. Respondent determined that petitioner understated his gross income by $ 17,435.08 for taxable year 1978. The additional income was calculated based on respondent's analysis of checks deposited to a trust account controlled by petitioner, checks made payable to petitioner that were not deposited into the trust account, and checks written to cash that were endorsed by petitioner. These checks totaled $ 48,052.08. Using this figure as a *504 starting point, respondent then subtracted the $ 23,574.00 in interest income and $ 43 of dividend income reported on the return by petitioner. As a final adjustment, respondent subtracted an additional $ 7,000 that petitioner received following the sale of his residence in May 1978. The end result, according to respondent, is an understatement of $ 17,435.08 on petitioner's 1978 tax return. On brief, petitioner seems to be claiming that he earned no income from his legal practice during 1978. In support of this argument, petitioner states on brief that he was employed to provide legal services through Patmon, Young & Kirk, P.C. under an employment agreement which gave the firm the right to control his legal practice. According to petitioner, under this contractual agreement Patmon, Young & Kirk actually earned the income from his legal services. We find this argument completely irrelevant and devoid of any merit. Petitioner's assertion that a corporation only earns income through the efforts of its employees and agents is correct. See Johnson v. Commissioner, 78 T.C. 882, 890-891 (1982), affd. without opinion 734 F.2d 20 (9th Cir. 1984). Respondent's *505 notice of deficiency, however, is based on a determination that petitioner received the amounts as his own. Petitioner bears the burden of proving otherwise, which he has not done. Petitioner's next argument on brief is that the $ 17,435.08 in checks constitutes nontaxable reimbursed travel and entertainment expenses, loan repayments, and the proceeds from the sale of his home. To support these claims, petitioner introduced into evidence a number of documents. We deal with each claim separately. Petitioner claims that some of the unreported gross income can be attributed to checks that he received during the year in issue as reimbursement for business expenses. In support of this claim, petitioner introduced travel and entertainment vouchers for the tax years 1975, 1976, 1977, and 1978. Petitioner has failed to establish that any of the checks specifically identified by respondent in the statutory notice of deficiency were in fact issued to reimburse him for entertainment and travel expenses. We also note that entries in the expense vouchers indicate that they were not made contemporaneously with the purported expenditures. The entries are not listed in chronological order. *506 On one page, an entry from January 1978 appears within a few lines of an entry for December 1978. On a second page, the ten line entries reflect expenses incurred in eight different months. Very few of the entries purporting to relate to expenses incurred during 1978 include the name of the client entertained or the business purpose underlying the meeting. In addition, there are no receipts attached to the pages of the expense voucher. Petitioner also claims that some of the unreported gross income can be attributed to loan repayments received during the year in issue. Petitioner has introduced no evidence establishing that he received any loan repayments during the year in issue. On brief, petitioner cites to a number of exhibits that either were never admitted into evidence or relate to years other than 1978. Based on the record, we find that petitioner has failed to establish that any of the checks detailed in the statutory notice of deficiency constituted repayments of loans. Petitioner also argues that $ 7,000.00 of the unreported gross income is attributable to the proceeds from the sale of his residence. Petitioner sold his home in May 1978 and received a deposit *507 of $ 8,000.00. According to petitioner, $ 7,000.00 of this amount was deposited into one of his bank accounts. Although petitioner sold his home and deposited $ 7,000.00 received as a deposit to one of his bank accounts in 1978, we note that respondent previously took this amount into consideration in computing petitioner's underreported 1978 income. The statutory notice clearly identifies this amount and petitioner's argument is without merit. Petitioner has failed to introduce any evidence establishing that he did not underreport his 1978 income by $ 17,435.08. We therefore sustain respondent on this issue. Respondent disallowed a partnership loss of $ 82,161 claimed by petitioners on their Schedule E for taxable year 1981. On their return, petitioners refused to furnish any information identifying the source of the loss, invoking the fifth amendment privilege against self-incrimination. Respondent's determination that petitioners are not entitled to the claimed partnership loss is presumed correct and petitioners bear the burden of proving their entitlement to the claimed deduction. *508 Rule 142(a). Petitioners did not refer to the claimed partnership loss during trial. Petitioners argue on brief that the notice of deficiency does not mention a partnership loss for the 1980 tax year. That is correct. The year in issue is 1981 and the notice of deficiency is worded in perfectly clear language. This type of argument simply wastes our time. Petitioners have failed to prove that they are entitled to the claimed partnership loss deduction. We therefore sustain respondent on this issue. [9]
The next issue for decision is whether petitioners are entitled to depreciation deductions claimed on their 1978, 1980, and 1981 tax returns resulting from an alleged investment in master recordings. Petitioners bear the burden of proving they are entitled to the claimed deductions. *509 Rule 142(a). Section 167(a) allows "as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * of property used in [a] trade or business, or * * * property held for the production of income." [10] To qualify for the claimed depreciation deductions, petitioners must show that their activities with respect to the master recordings either constituted a trade or business or were undertaken and carried on for the production of income. Beck v. Commissioner, 85 T.C. 557, 569 (1985); Flowers v. Commissioner, 80 T.C. 914, 931 (1983). Petitioners bear the burden of proving that they are entitled to the claimed depreciation deductions. Rule 142(a). To establish that their activities with respect to the master recordings either *510 constituted a trade or business or were carried on for the production of income, petitioners must demonstrate that they had "an actual and honest objective of making a profit." Dreicer v. Commissioner, 78 T.C. 642, 643-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); Dean v. Commissioner, 83 T.C. 56, 74 (1984); Fuchs v. Commissioner, 83 T.C. 79, 98 (1984). While a reasonable expectation of profit is unnecessary, a taxpayer's profit objective must be bona fide. Dreicer v. Commissioner, supra at 645; Golanty v. Commissioner, 72 T.C. 411, 425-426 (1979), affd. without opinion 647 F.2d 170 (9th Cir. 1981). Whether there is an intention to make a profit is a factual issue to be resolved on the basis of all the surrounding facts and circumstances. Finoli v. Commissioner, 86 T.C. 697, 722 (1986); Allen v. Commissioner, 72 T.C. 28, 34 (1979). "Profit" means economic profit, independent of tax savings. Herrick v. Commissioner, 85 T.C. 237, 255 (1985); Seaman v. Commissioner, 84 T.C. 564, 588 (1985); *511 Surloff v. Commissioner, 81 T.C. 210, 233 (1983). The burden of establishing the requisite profit objective is on petitioners. Beck v. Commissioner, supra at 569; Surloff v. Commissioner, supra at 233; Flowers v. Commissioner, supra at 931-932; Rule 142(a). Petitioners have introduced no evidence to prove that they engaged in the master recording activity with an actual and honest objective of making a profit. At trial, petitioners offered absolutely no testimony concerning their involvement in the master recording activity. A number of documents purporting to relate to the master recording activity were admitted into evidence. These documents, standing alone, establish very little. Petitioners have failed to introduce evidence regarding the purchase price of the master recording, its fair market value, the amount of cash paid, or the nature of the notes involved. Based on this record, petitioners have failed to demonstrate that they possessed the requisite profit objective as to their master recording activity. Consequently, we sustain respondent's disallowance of the depreciation deductions *512 claimed by petitioners. The next issue for decision is whether petitioners are liable for additions to tax pursuant to sections 6651(a)(1) and 6653(a) for 1978, 1980, and 1981. Petitioners bear the burden of proof. Rule 142(a). Section 6651(a)(1) imposes an addition to tax upon a taxpayer who fails to file a timely return unless the taxpayer demonstrates that his failure to file was due to reasonable cause and not willful neglect. On brief, petitioners acknowledge that their tax returns for 1978, 1980, and 1981 were filed late. They contend, however, that their delay in filing the returns was due to reasonable cause since their books and records had been seized by respondent and not returned. Petitioner Hallison H. Young also asserts that he was incarcerated during this time period and could not complete the returns in a timely manner. There is no evidence in the record to substantiate either one of petitioners' claims. The unavailability of records is generally not reasonable cause for failure to file a timely return. Hines v. Commissioner, T. C. Memo. 1982-589. *513 Although respondent did obtain some of petitioners' books and records through the use of summonses, which were enforced by the United States District Court, nothing in the evidentiary record indicates when various records were obtained. There is also no evidence in the record indicating that petitioners turned over all of their original documents without first making copies. Petitioners have offered no evidence establishing that they were denied access to their records during the pertinent time periods when their returns were due to be filed. Similarly, petitioner Hallison H. Young's claim that his incarceration for civil contempt prevented him from filing timely returns is also not supported by the evidence in this case. Petitioner testified that he was incarcerated from June 13, 1986 until December 1986, a period long after the extended due dates of the returns in issue. Petitioners have not established that their late filing and underpayment of tax were due to reasonable cause and not negligence. [11] Accordingly, the additions to tax under sections 6651(a)(1) and 6653(a) must be sustained. See, e.g., Emmons v. Commissioner, 92 T.C. 342, 350 (1989), on appeal *514 (5th Cir., May 30, 1989). The final issue to decide is whether petitioners' underpayment of tax for 1981 is attributable to a tax motivated transaction for purposes of computing interest pursuant to section 6621(c). Section 6621(c) provides that with respect to interest payable under section 6601, an increased rate of interest is imposed when there is a substantial underpayment attributable to one or more tax motivated transactions. The additional interest accrues after December 31, 1984, even though the transaction was entered into prior to the enactment of section 6621(c). Solowiejczk v. Commissioner, 85 T.C. 552 (1985), affd. per curiam without opinion 795 F.2d 1005 (2d Cir. 1986). Temporary regulations adopted on December 26, 1984, provide *515 that "any deduction disallowed for any period under section 183" is subject to the provision for additional interest set forth in section 6621(c). Sec. 301.6621-2T, A-4(1), Temp. Proced. & Admin. Regs., 49 Fed. Reg. 50390 (Dec. 28, 1984). We have disallowed depreciation deductions claimed by petitioners in relation to their master recording activity because we find that petitioners did not engage in that activity for profit. The portion of the deficiencies attributable to the disallowed depreciation deductions is subject to additional interest under section 6621(c). See Soriano v. Commissioner, 90 T.C. 44, 62 (1988). Decision will be entered for the petitioner in docket No. 31620-85. Decisions will be entered under Rule 155 in docket Nos. 4168-85 and 22773-86. Footnotes
1. Cases of the following petitioners are consolidated herewith: Hallison H. Young, docket Nos. 4168-85, 31620-85; Hallison H. Young and Peggy Young, docket No. 22773-86.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. In the notice of deficiency issued to petitioners Hallison H. Young and Peggy Young, respondent indicates that section 6653(a)(1) applies to the deficiency determined for 1980. This section applies to taxes of which the last date prescribed for payment is after December 31, 1981. Pub. L. 97-34, sec. 722(b)(1), 95 Stat. 172, 342-343. For taxes due before December 31, 1981, the addition to tax for negligence is found in section 6653(a). These two sections contain identical language and provide for an addition to tax equal to 5 percent of the underpayment. This citation error does not affect the validity of the notice of deficiency since it fulfilled its purpose of providing formal notification that deficiencies in income taxes and additions to tax had been determined. Pietz v. Commissioner, 59 T.C. 207, 213-214 (1972); Mayerson v. Commissioner, 47 T.C. 340, 349↩ (1966).
4. Following a pretrial conference on June 23, 1987, we detailed the issues to be submitted to the Court at the trial of these cases in an Order dated July 14, 1987. Our Order set forth the terms of an agreement reached by the parties during the pretrial conference. The section 6659 addition to tax for 1981 and the applicability of section 6621(d)↩ to petitioners' underpayment for 1980 were not identified in our Order as issues to be decided by the Court. Although respondent continues to argue these two issues on brief, we will not deviate from our original Order. Based on the agreement reached by the parties during the pretrial conference, we consider respondent to have conceded these two issues. 5. The statutory notice refers to section 6621(d). This section has been amended and redesignated as section 6621(c), by section 1511(c)(1)(A) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744. All further references will be to section 6621(c)↩.
6. Unless otherwise noted, identical motions were filed in all three dockets.↩
7. All references to "petitioner" are to Hallison H. Young. All references to "petitioners" are to Hallison H. Young and Peggy Young.↩
8. Our findings are based, in part, on the facts deemed stipulated under Rule 91(f)(3).↩
9. In a statement attached to the 1981 tax return, petitioner Hallison H. Young invoked the fifth amendment↩ privilege against self-incrimination stating that he was the subject of an ongoing criminal tax investigation. Petitioners did not argue the applicability of the privilege during trial or on brief.
10. The trade or business and production of income requirements under section 167 are the same as those under sections 162 and 212. Lemmen v. Commissioner, 77 T.C. 1326, 1340↩ n.16 (1981).
11. Petitioners' only argument concerning the additions to tax under section 6653(a)↩ is that since no underpayment exists for the years in issue, the additions to tax for negligence do not apply. Inasmuch as we have found an underpayment for each of the years in issue, petitioners' argument is devoid of merit.