992 F.2d 469
 27 U.S.P.Q.2d 1080
 TALK TO ME PRODUCTS, INC., corporation of the State of New
York, Plaintiff-Appellant,
v.
LARAMI CORPORATION, a corporation under the laws of the
Commonwealth of Pennsylvania, Defendant-Appellee.
 No. 1391, Docket 92-9279.
 United States Court of Appeals,
Second Circuit.
 Argued April 19, 1993.
Decided May 7, 1993.
 
 Gerard F. Dunne, New York City, for plaintiff-appellant.
 Gary A. Rosen, Philadelphia, PA (William T. Hangley, Hangley Connolly Epstein Chicco Foxman & Ewing, Jay K. Meadway, Panitch Schwarze Jacobs & Nadel, on the brief), for defendant-appellee.
 Before: KEARSE and ALTIMARI, Circuit Judges, and SWEET, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Talk to Me Products, Inc. ("TTMP"), appeals from a judgment of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., Judge, dismissing its complaint on the motion of defendant Larami Corp. ("Larami") for summary judgment. On appeal, TTMP contends that the district court erred in ruling (1) that "Soaker" was a descriptive mark for a toy water gun, and (2) that TTMP had not established priority over Larami in the use of the "Soaker" mark. We affirm the district court's dismissal of TTMP's federal claims substantially for the reasons stated in Judge Haight's opinion reported at 804 F.Supp. 555 (1992).
 
 
 2
 A state-law claim of unfair competition is not always governed by the same standards as a federal trademark claim. Though a descriptive mark is not eligible for protection under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1988), absent a showing of secondary meaning, see, e.g., Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1040 (2d Cir.1992), such a showing may not be necessary to prove unfair competition under New York law, see Allied Maintenance Corp. v. Allied Mechanical Trades, Inc., 42 N.Y.2d 538, 543 n. 2, 399 N.Y.S.2d 628, 631 n. 2, 369 N.E.2d 1162, 1164 n. 2 (1977). To prevail on the state-law claim, the plaintiff must, however, show that the "defendant has misappropriated the labors and expenditures of another." Saratoga Vichy Spring Co. v. Lehman, 625 F.2d 1037, 1044 (2d Cir.1980). Since TTMP failed to show a triable issue as to its claimed priority of use of the "Soaker" mark, the dismissal of its New York unfair competition claim was proper.
 
 
 3
 We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation