**TOO, INC., Plaintiff,**

v.

**KOHL'S DEPARTMENT STORES, INC. and Windstar Apparel, Inc., Defendants.**

**No. 01 CIV. 8200(VM).**

United States District Court, S.D. New York.

June 26, 2002.

Frank J. Colucci, David M. Dahan, Colucci & Umans, New York City, for Too, Inc., plaintiff.

Richard G. Tashjian, Tashjian & Padian, New York City, for Windstar Apparel, Inc., defendant.

Norman H. Zivin, Cooper & Dunham, L.L.P., New York City, for Kohl's Department Stores, Inc., defendant.

### ORDER

MARRERO, District Judge.

Pending before the Court is plaintiff Too, Inc.'s ("Too") Motion to Amend the Complaint. Defendant Windstar Apparel, Inc. ("Windstar") has opposed the motion. Defendant Kohl's Department Stores, Inc. ("Kohl's") did not file any opposition. A brief summary of the case's procedural posture provides the backdrop to the instant motion.

Too filed this action on August 31, 2001. Windstar answered the complaint on September 25, 2001. On December 7, 2001, within the deadline provided by the Scheduling Order the Court had endorsed on November 9, 2001, Too filed the Amended Complaint which contains claims for copyright infringement of a "Panda Design" and a violation of the Lanham Act concern-ing the use of a "DREAMER Mark". Kohl's and Windstar filed answers, cross claims and replies. Discovery, ultimately, was scheduled to close on June 7, 2002.

On February 25, 2002, Too provided a copy of its proposed Second Amended Complaint to Windstar, and requested Windstar's consent to filing it. Windstar informed Too of its objections and declined to consent. Too requested the Court's leave to file a motion to amend the Amended Complaint. The Court granted Too's request on March 11, 2002. Too filed its motion on April 11, 2002, and Windstar opposed it. The Court now grants Too's motion.

Rule 15 of the Federal Rules of Civil Procedure provides that, after responsive pleadings have been filed, a party may amend its "pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The United States Supreme Court has instructed that: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Because Windstar opposes Too's request to file a Second Amended Complaint, Too must obtain the Court's permission.

Too seeks to add a claim of unfair competition against Windstar, and to add, as individual party-defendants, Mr. J.K. Park, who is president of Windstar, and Mr. Sam Han, who is an employee of Windstar. Too's proposed unfair competition claim is based upon allegations of: (1) intentional

copying of the "Panda Design" and "Dreamer Mark"; (2) the submissions of fraudulent registrations to the United States Copyright Office; (3) Windstar's false representations to Kohl's; and (4) a deliberate and intentional scheme to misappropriate Too's copyrighted works and trademarks by "passing off and palming off" such works as Windstar's. (Proposed Second Amended Complaint, at ¶ 59.)

According to Too, it first discovered the evidentiary basis for its proposed amendment on January 10, 2002, when it deposed Mia Decaro, a former designer for Windstar. Ms. Decaro stated that she did not sign the copyright registrations that Windstar submitted to the United States Copyright Office. Too discovered that Mr. Han prepared and submitted the copyright registrations for Windstar when it deposed Mr. Han on January 9, 2002. Thus, in January, Too uncovered evidence that allegedly shows Windstar's copyright registrations are fraudulent. The Court considers these allegations only to the extent that they relate to the issue of delay under Rule 15.

Too argues that justice requires the Court to grant it leave to file a Second Amended Complaint because Too is not seeking to delay the proceedings or otherwise acting in bad faith. Further, Too argues that Windstar will not be prejudiced by the amendment because "it is merely a variation on the same claims raised by Too's other causes of action of copyright infringement." (Plaintiff's Memorandum in Support of its Motion to Amend the Complaint, at 7–8.) Finally, and in anticipation of Windstar's objection, Too argues that the new claim of unfair competition raises a valid cause of action.

Windstar opposes Too's amendment on the ground that the unfair competition claim is an attempt to make an end-run around the damages limitations contained in the Copyright Act, which may be found at 17 U.S.C. § 504. Windstar characterizes the claim as one for unfair competition and fraud on the Copyright Office and argues that the proposed cause of action for unfair competition is preempted by the Copyright Act. To the extent that the proposed cause of action sounds in fraud on the Copyright Office, Windstar argues that Too lacks standing. According to Windstar, for these reasons, leave to amend should be denied as "futile." These objections, however, do not address Too's request to add Mssrs. Han and Park as individual party-defendants. Windstar also requests that Too's claim for Attorney's fees be stricken because New York State law provides no statutory authority for their award.

Furthermore, the Court notes that Windstar's objections are based on a reading of the proposed unfair competition claim that parses out each individual element of the claim—copying and false designation of the copyright owner—and tests each element individually, as if it were free-standing. This approach is misleading because the two elements together constitute the proposed unfair competition claim under the theory of "passing off," which may also be labelled "palming off," that is cognizable under New York State law. *See, e.g., Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836, 847 (S.D.N.Y.2000). Accordingly, and as will be discussed later, the Court reads the two elements of the proposed claim together.

■ Motions to amend a pleading are properly denied where the pleading is "futile" for failure to state a claim. *See, e.g., A.V. by Versace, Inc. v. Gianni Versace*, 160 F.Supp.2d 657, 666–67 (S.D.N.Y.2001) (citing *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir.2001)). The Court assesses the proposed unfair competition claim's legal sufficiency as it does a motion to dismiss

made pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* As such, the Court does not look to evidence outside of Too's proposed Second Amended Complaint to determine whether it appears beyond doubt that Too could prove no set of facts that would entitle it to relief. *See Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123–24 (2d. Cir.1991); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ Unfair competition may be based on a wide variety of illegal practices, including misappropriation or other forms of "commercial immorality." *Roy Export Company Establishment of Vaduz, Liechtenstein v. CBS, Inc.,* 672 F.2d 1095, 1106 (2d Cir.1982). An unfair competition claim may be subject to preemption under 17 U.S.C. § 301, where the underlying misappropriation or conduct is based on the same conduct on which a claim for copyright infringement is based. *See Roy Export,* 672 F.2d at 1106 (finding no preemption where the claims were based on the misappropriation of different works). Section 301 instructs that the Copyright Law preempts any laws that are "equivalent to any of the exclusive rights within the general scope of copyright".

■ A cause of action is not preempted by § 301 if it involves an "extra element" beyond the acts of "reproduction, performance, distribution or display," which are protected by the Copyright Act, that renders the claim qualitatively different from copyright infringement. *Samara Bros., Inc. v. Wal–Mart Stores, Inc.,* 165 F.3d 120, 131 (2d Cir.1998) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 716 (2d Cir.1992) and *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523, 1535 (S.D.N.Y.1985)). Under this test, § 301 preempts misappropriation claims because they merely protect against copying for commercial gain, which falls within the exclusive rights · of copyright. *See Warner Bros. v. ABC,* 720 F.2d 231, ·247 (2d Cir.1983) (citing *Durham Industries, Inc. v. Tomy Corporation,* 630 F.2d 905, 919 (2d Cir.1980)).

■ By contrast, claims of "passing off" involve copying plus the "extra element" of false designation and are not preempted by § 301. *See id.; Scholastic,* 124 F.Supp.2d at 847. Accordingly, because Too's claim for unfair competition is based on an allegation that Windstar copied *and* passed off Too's works as its own, it is not preempted and the proposed amendment is not futile. Because the unfair competition claim stands alongside the copyright claim, Windstar's argument that it is an end-run around copyright law damages limitations is not persuasive.

■ Windstar's objection that Too has no standing to assert fraudulent misrepresentation to the Copyright Office misses its mark because Too does not plead that allegation as a free-standing claim. Windstar is correct that, under § 506(e), the crime of "knowingly mak[ing] a false representation of a material fact in the application for copyright registration … or in any written statement filed in connection with the application" has no corollary private right of action. *See Ashton–Tate Corp. v. Ross,* 728 F.Supp. 597, 602 (N.D.Cal.1989). And, in the Court's view, merely repackaging a § 506(e) claim as one for unfair competition under New York law would not grant Too standing. Thus, if Too pled the fraudulent misrepresentation to the Copyright Office component of its unfair competition action as a free-standing claim, Too would be limited to its remedy under the Copyright Act, that is, to use such information to rebut the presumption of a valid copyright as provided under 17 U.S.C. § 410. *See, e.g., Penguin Books v. New Christian Church*

*of Full Endeavor, Ltd.,* No. 96 Civ. 4126, 2000 WL 1028634, at *14 (S.D.N.Y. July 25, 2000). But, such rules do not apply to the proposed unfair competition claim, viewed as a whole, as pled by Too.

Too pled an unfair competition claim based on the "passing off" of its designs. *See Talk to Me Products, Inc. v. Larami Corp.,* 992 F.2d 469, 470 (2d Cir.1993); *Murphy Door Bed Co., Inc. v. Interior Sleep Systems, Inc.,* 874 F.2d 95, 102 (2d Cir.1989). As the Court already discussed, false designation is an element of the claim. The individual factual allegation of fraud against the Copyright Office is relevant to show the false designation element. Accordingly, Too is not precluded from using factual allegations regarding false representations made to the United States Copyright Office in support of its "passing off" unfair competition claim.

Likewise, although Too could not pursue an independent claim of unfair competition based on its allegation that Windstar made false representations to Kohl's, that factual allegation may be used to show the false designation element of Too's "passing off" unfair competition claim. Windstar's objection on that ground also must fail.

Windstar has objected that the deadline for discovery has passed and that Too therefore is precluded from designating expert witnesses or introducing survey evidence and similar evidence regarding "likelihood of confusion" in order to prove its unfair competition claim at trial. Windstar's objection does not identify any prejudice to Windstar or Kohl's. Rather, it identifies certain evidentiary problems that Too may face in the future. Because the Court's standard of review regarding a proposed amendment's "futility" is the same as for a Rule 12(b)(6) motion, it would be premature and inappropriate for the Court to address such matters now.

■ The Court further notes that, as Too suggested in its motion papers, the need for additional discovery or mere delay in time is insufficient evidence of prejudice warranting denial of a Rule 15 motion to amend the complaint. *See Evans v. Syracuse City School Dist.,* 704 F.2d 44, 46–47 (2d Cir.1983); *New Windsor v. Tesa Tuck, Inc.,* 919 F.Supp. 662, 675–76, 679 (S.D.N.Y.1996). Too suggests that no discovery is necessary and that very little delay, if any, will result. Windstar does not contest Too's representations. Accordingly, the Court finds no delay, dilatory motive or bad faith weighs against granting Too leave to file the Second Amended Complaint.

Because Windstar has not opposed Kohl's proposed addition of Mssrs. Han and Park as individual party-defendants, and the proposed unfair competition claim is not futile, and because nothing on the record shows that justice would not be served by allowing the amendment, Too is granted leave to file a Second Amended Complaint, provided that it complies with the Court's ruling today.

One matter remains. In its opposition brief Windstar requested that Too's request for Attorney's Fees on the proposed unfair competition claim, found at ¶ A on page 17 of the Second Amended Complaint, be stricken as "frivolous." Federal Rule of Civil Procedure 12(f) instructs that such a request must be made by formal motion after a pleading is filed. Rule 12(f) also provides the Court with authority to strike, *sua sponte* at any time, "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Here, Too's proposed prayer for relief at issue does not fall within the Court's *sua sponte* powers under Rule 12(f). Furthermore, as paragraph A is merely proposed and not yet filed, there is nothing for the Court to strike. At this stage, then, Too

may wish to consider the points raised by Windstar's request to strike in filing its Second Amended Complaint.

### ORDER

For the reasons discussed above, it is hereby

ORDERED that plaintiff Too's Motion to Amend the Complaint is granted.

**SO ORDERED.**