Dov **FERSHTADT**, Plaintiff,

v.

**VERIZON COMMUNICATIONS INC.**, the Plan for Group Insurance, Metropolitan Life Insurance Company, and Unum Life Insurance Company of America, Defendants.

No. 07 Civ. 6963(CM).

United States District Court, S.D. New York.

Oct. 7, 2009.

---

Michael Steven Hiller, Weiss & Hiller, PC, New York, NY, for Plaintiff.

Karen Mary Wahle, Khuong G. Phan, Robert M. Stern, O'Melveny & Myers LLP (DC), Washington, DC, for Defendants Verizon Communications Inc., The Plan for Group Insurance.

Allan Michael Marcus, Steve B. Getzoff, Lester, Schwab, Katz and Dwyer LLP, New York, NY, for Defendant Metropolitan Life Insurance Company.

Patrick Walter Begos, Begos and Horgan L.L.P. (CT), Westport, CT, for Defendant UNUM Life Insurance Company of America.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

McMAHON, District Judge.

### BACKGROUND

Dov Fershtadt filed his initial complaint in this action on August 2, 2007, which he amended on September 24, 2007, The first motion to dismiss was filed by defendant Verizon Communications, Inc., on October 8, 2007, and was granted in part and denied in part on April 24, 2008. Mr. Fershtadt's amended complaint was answered by the defendants on various dates between October 14, 2007, and May 22, 2008. This Court subsequently entered a case management plan in November 2008, which set a briefing schedule requiring that opening briefs be filed by December 2008. After several extensions of that deadline, motions for summary judgment from the several defendants were filed throughout March 2009.

Despite the pendency of these multiple dispositive motions, Mr. Fershtadt attempted to file a second motion to amend his complaint on May 1, 2009.[1] Specifically, he sought to add one equitable claim "directing defendants to issue amended W2s and 1099s to reflect that [Fershtadt's] disability benefits are not taxable." (Fershtadt Mem. in Supp. of Motion to Reconsider, May 14, 2009, at 5.) That same day, this Court denied Mr. Fershtadt's request as untimely because he failed to show good cause for his dilatory motion. On May 14, 2009, Mr. Fershtadt moved this Court to reconsider its denial of his motion to amend the complaint. For the reasons explained below, this Court now grants Mr. Fershtadt's motion for reconsideration, and grants Mr. Fershtadt leave to amend his complaint to include one additional request for equitable relief relating to reissuance of his IRS Forms W–2 and 1099 for the relevant periods.

### DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." *Fed.R.Civ.P.* 15(a). The Supreme Court has stated that "if the underlying circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222(1962). Thus, the Supreme Court explained, "in the absence of

---

1. Due to a lack of compliance with the correct filing procedures, Mr. Fershtadt's motion was not actually docketed until May 7, 2009.

any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Id.*

 As applied in this Circuit, Rule 15(a) will only allow a party to amend its pleadings "in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (citation omitted). Although "mere delay" alone does not provide a basis for denying the right to amend, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* (internal quotation marks and citation omitted). Moreover, the Second Circuit has indicated that a trial court does not abuse its discretion by denying a motion to amend where the party seeking leave to amend fails to show "a compelling reason for the delay." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983) (citation omitted).

In this case, neither plaintiff's earlier motion to amend nor his motion for reconsideration presents any compelling reason for his 21–month delay in seeking to amend his complaint. Rather, the circumstances suggest a dilatory motive, which alone counsels in favor of denying his motion to amend. *See id.*

Additionally, the Second Circuit has often held that a motion for leave to amend is properly denied in cases where, as here, dispositive motions are pending (or have been decided) and the party seeking leave to amend has previously amended his pleading. *See, e.g., County of Washington v. Counties of Warren and Washington Indus. Dev. Agency,* 2 Fed.Appx. 71 (2d Cir.2001) (original complaint partially-dismissed on motion); *Ansam Assocs., Inc. v. Cola Petrol., Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (pending summary judgment motion); *Amaker v. Haponik,* 198 F.R.D. 386 (S.D.N.Y.2000) (amended complaint partially dismissed on motion); *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945 (S.D.N.Y.1983) (pending motion to dismiss). Accordingly, this Court would be well within its discretion to deny Mr. Fershtadt's motion given the progress of the case.

 However, in the absence of undue prejudice to any opposing parties, a trial judge is nevertheless empowered to grant leave to amend if the interests of justice so require. *See Evans,* 704 F.2d at 47 (citation omitted). In this case, any prejudice to defendants would be minimal since we are still in the pretrial phase of the litigation. *See id.* Further, to the extent that Mr. Fershtadt raises a legitimate claim, the policy considerations that undergird the Federal Rules counsel in favor of affording litigants an opportunity to resolve their claims on the merits. *Foman,* 371 U.S. at 182, 83 S.Ct. 227. Thus, this Court having reconsidered its earlier ruling, now grants Mr. Fershtadt leave to amend his complaint to add one additional request for equitable relief relating to reissuance of his IRS Forms W–2 and 1099. Mr. Fershtadt is directed to submit his amended complaint within 10 days.

This constitutes the decision and order of the Court.