INTERNATIONAL UNION OF BRICK-
LAYERS AND ALLIED CRAFTSMEN
LOCAL NO. 5, Emil A. Parietti, Jr. and
Philip Mosca, as Trustees of the Hudson
Valley District Council Bricklayers and
Allied Craftsmen Joint Benefit Funds,
Plaintiffs,

v.

HUDSON VALLEY DISTRICT COUNCIL
BRICKLAYERS AND ALLIED
CRAFTSMEN JOINT BENEFIT
FUNDS, Andrew Gallante, Sr., Michael
Cavallaro, Salvatore Mauro and Roder-
ick Ciferri III, Defendants.

No. 94 Civ 3061 (VLB).

United States District Court,
S.D. New York.

Aug. 1, 1994.

See also, 858 F.Supp. 373.

Moacyr R. Calhelha, Rider, Weiner, Frankel & Calhelha, Newburch, NY, for plaintiffs.

Stephen E. Ehlers, Gellert & Cutler, Poughkeepsie, NY, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This litigation concerns the extent to which international trade unions having authority over locals under the applicable union constitutions may determine the identity of union representatives on joint employer-union employee benefit funds under the Labor–Management Relations Act of 1947 ("Taft–Hartley Act"), 29 U.S.C. §§ 185, 186 and ERISA, 29 U.S.C. § 1001 *et seq.*

The current dispute arises out of a conflict concerning the conditions under which the designee of the International Union of Bricklayers and Allied Craftsmen ("International Union,") can displace previously appointed union-appointed trustees of employee benefit (ERISA) funds within territory covered by a newly created Local which replaces locals formerly part of the Hudson Valley District Council of the union.

By memorandum order dated June 21, 1994 (the "June 21 order"), which is made a part of this memorandum order and familiarity with which is assumed, it was determined that the President of Local 5 of the International Union has the authority under the rulings of the International Union to determine the union trustees on all ERISA employee benefit funds in the area formerly covered by the Hudson Valley District Council of the International Union. Those findings are reaffirmed. The June 21 order and this order constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52 and 65.

In the June 21 order, defendants were given the opportunity to show cause why an injunction should not be entered requiring compliance with these findings. Objections were filed, asserting that this court lacked

jurisdiction to issue such an order. Those objections lack merit.

## II

■ Under Section 301 of the Labor–Management Relations Act of 1947 ("Taft–Hartley Act"), 29 U.S.C. § 185, United States district courts have jurisdiction to enforce agreements between labor organizations. This permits the court to direct representatives acting for subordinate entities of an International Union to obey its mandates where not illegal or inapplicable. This federal district court jurisdiction includes permitting proper authorities in an international union structure to determine the identity of labor trustees under ERISA plans. *Levy v. Local Union Number 810,* 20 F.3d 516 (1994); see also *IBT v. Local 810,* 19 F.3d 786, 790 (2d Cir.1994).[1]

■ While acting as fiduciaries for the funds required to be used on behalf of the beneficiaries of the funds, such persons also act as representatives of the applicable collective bargaining agents or employers as the case may be. Their independence extends to exercising their own judgment consistent with their obligations as fiduciaries while in office but not to remaining in office contrary to the wishes of the unions or employers they represent. ERISA trustees do not have the authority to perpetuate themselves in office by self-serving resolutions amending the plans to keep them in control of large sums of money which can be administered as a separate power source without regard to the wishes of their principals. See *Levy,* 20 F.3d at 520.

■ The principle set forth in *Levy* does not place structures for selection of ERISA trustees in a straitjacket. It does not bar four year terms or arrangements dispersing employee trustee representation among various union entities from being adopted, so long as self-entrenchment is prevented by such provisions as that an employee trustee "must . . . be replaced if he ceases to be . . . designated representative of one of the participating locals." *IBT v. Health & Hospital Fund,* 903 F.2d 919, 921 (2d Cir.1990). Such a safeguard if present here would compel the result reached in this memorandum order. An arrangement which would "operate to entrench the employee trustees" is prohibited by our national labor laws. *Id.* at 923.

Jurisdiction to enforce these principles exists under both 29 U.S.C. § 185 and ERISA, 29 U.S.C. § 1132. *Levy* at 519 n 7.

■ Any resolutions, amendments or other documents purporting to extend the terms of ERISA plan trustees, whose removal is sought by the unions or employers who selected them are void. Moreover, newly selected and former trustees of any funds affiliated with the Hudson Valley District Council of the International Union are duty bound pursuant to their fiduciary obligations to review and if appropriate to challenge any other contracts or acts voted for by removed trustees which have any arguably self-serving aspects, such as providing any unusual or unjustified benefits to such trustees, their relatives or business associates or others acting in concert with them.

## III

All of the defendants in this case and anyone in active concert or participation with them who receive actual notice of this order under Fed.R.Civ.P. 65 are enjoined from interfering with the authority of Emil A. Parietti or his successor as President of Local 5 of the International Union, to determine who shall act as trustees on behalf of the International Union or any of its locals in the territory of the former Hudson Valley District Council of the International Union. This injunction is effective immediately upon actual notice of it being received by personal service or otherwise. This injunction is self-executing in that any trustee described above shall be deemed to have resigned as such trustee upon receiving such notice and being notified by Mr. Parietti (or his successor as President of Local 5) that such trustee is replaced or directed to be replaced. Following replacement such persons shall have no

---

**1.** *Local 144 Nursing Home Pension Fund v. Demisay,* —— U.S. ——, 113 S.Ct. 2252, 124 L.Ed.2d 522 (1993) held that there was no federal judicial jurisdiction to require adherence to § 302 of the Taft–Hartley Act, 29 U.S.C. § 186, which is not involved here.

further authority to act or purport to act as a trustee thereafter. No formal oral or written resignation by any trustee so replaced shall be necessary or required. See Fed. R.Civ.P. 70.

## IV

One of the objectives of the national labor laws is to avoid collusive "sweetheart" arrangements between union officials and management which are detrimental to the employees represented by such officials, or former employees who are beneficiaries of plans bargained for collectively by labor organizations. See 29 U.S.C. §§ 157, 158, 185, 186; authorities cited in the June 21 order.

Should any trustees removed from office pursuant to this memorandum order attempt to interfere with the functioning of any ERISA plan the union representatives on which were affiliated with the former Hudson Valley District Council by seeking to induce employer trustees under such a plan to act in any particular manner or to cause a deadlock in any ERISA plan after such removal, such action would constitute interference of the type forbidden by this memorandum order. Such action would be contrary to agreements between labor organizations which this court has jurisdiction to enforce under 29 U.S.C. § 185, and would constitute a breach of a trustee's continuing fiduciary duty under ERISA not to act in a way which would interfere with the functioning of the ERISA plan of which that person was or had been a trustee.

## V

This memorandum order is not intended to suggest that the decisions of the current International Union officers, the current Local 5 President, or their predecessors either are or are not the best ones from the point of view of the employees represented by the International Union. That is a matter for the members of the union to determine under their authority over their representatives which is protected by the Bill of Rights of Members of Labor Organizations under 29 U.S.C. §§ 411–415.

## VI

The remaining aspects of this litigation do not justify emergency action. A new situation will have been created by compliance with this order which may lead to settlements of some or all of the claims of the parties, make them moot, or cause them to be neglected and ultimately dismissed without prejudice for lack of prosecution under Fed.R.Civ.P. 41.

Because of the importance of permitting both union and employer trustees of ERISA plans to focus on their fiduciary duties to the beneficiaries of the funds involved, it is important that there be a cooling off period during which non-emergency litigation activity is discontinued. Consequently further action in this case other than any applications for enforcement or modification of the injunction contained in this memorandum order are stayed until further order. Any party may request that the stay be lifted upon affidavits setting forth the reasons why such action would be appropriate.

SO ORDERED.