COUNTY OF WASHINGTON, Plaintiff,

v.

COUNTIES OF WARREN AND WASH-
INGTON INDUSTRIAL DEVELOP-
MENT AGENCY; Adirondack Resource
Recovery Associates; Foster Wheeler
Hudson Falls, Inc.; Adirondack Re-
source Recovery Corporation; The Bank
of New York, as Trustee; William L.
Nikas; and Robert R. Barber, Defen-
dants.

County of Warren, Counterclaim
Defendant.

No. 93–CV–0086 FJS.

United States District Court,
N.D. New York.

Jan. 27, 1998.

Duker & Barrett, LLP, Albany, NY, (George F. Carpinello, of counsel), for Plaintiff.

Fitzgerald, Morris Law Firm, Glens Falls, NY, (Peter D. Fitzgerald, of counsel), for Defendant, Counties of Warren and Washington Industrial Development Agency.

Hiscock & Barclay, LLP, Syracuse, NY, (Richard K. Hughes, Joseph Serino, Jr., of counsel), Robinson Brog Leinwand Genovese & Gluck, P.C., New York City, (Anthony S. Genovese, David C. Burger, of counsel), Cherundolo, Bottar & McGowan, P.C., Syracuse, NY, (James H. McGowan, III, of counsel), for Defendants, Adirondack Resource Recovery Associates, Foster Wheeler Hudson Falls, Inc.

Dreyer Boyajian LLP, Albany, NY, (William J. Dreyer, of counsel), for Defendant Adirondack Resource Recovery Corporation.

Emmet, Marvin & Martin, New York City, (Alfred W.J. Marks, of counsel), for Defendant, The Bank of New York, as Trustee.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY, (Laura A. Alderman, of counsel), for Defendant County of Warren.

William L. Nikas, Hudson Falls, NY, for Defendant, pro se.

Robert Barber, Fort Edward, NY, for Defendant, pro se.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

The Plaintiff, Washington County, New York, brings this action in an attempt to extricate itself from its contractual obligations under a comprehensive intermunicipal waste disposal agreement with the Defendants, Warren and Washington County Industrial Development Agency ("WWIDA"), Adirondack Resource Recovery Associates ("ARRA"), Adirondack Resource Recovery Corporation ("ARRC"), Foster Wheeler Hudson Falls, Inc. ("FWHF"), the Bank of New York, as trustee, and Robert Barber. Also named as a Defendant is William Nikas who was previously a member of the Washington County Board of Supervisors during one of the time periods at issue.

Presently before the Court is a motion brought by the Plaintiff to amend the First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Plaintiff seeks to add four new claims: (1) a claim alleging that the contracts at issue are void because they were procured in violation of New York General Municipal Law ("GML") § 120–w(4)(e); (2) a claim alleging that the contracts are void because Defendant Nikas' conduct in procuring the contracts violated the Washington County Rules of Ethical Conduct; (3) a claim alleging that the contracts at issue are void because they were procured by illegal gifts and gratuities in violation of GML § 805–a(1)(a); and (4) a claim alleging that Defendants Barber, ARRA, ARRC, and FWHF induced Defendant Nikas to breach his fiduciary duty to the Plaintiff. Also before the Court is a cross-motion for summary judgment brought by Defendants Barber and ARRA seeking to

dismiss the Plaintiff's ninth and tenth causes of action in the First Amended Complaint which allege breach of the implied covenant of good faith and fair dealing by Defendants Barber and ARRC.[1]

## Background

As the factual background of this case is exhaustive, this decision assumes familiarity with the previous summary judgment decision issued by this Court in a Memorandum–Decision and Order dated March 31, 1997. *See County of Washington v. Counties of Warren and Washington Indus, Dev. Agency*, 93–CV–0086, 1997 WL 152001 (N.D.N.Y. Mar. 31, 1997). The underlying waste disposal agreement at issue in this case actually consists of several interrelated agreements, at least four of which are contested by the Plaintiff. Taken together, these contracts provide for the financing, construction, operation, and provision of waste to the Hudson Falls Resource Recovery Facility (the "burn plant") in Hudson Falls, New York. Defendant WWIDA is the Industrial Development Agency authorized by legislative enactment for industrial development in Washington and Warren Counties. *See* N.Y. Gen. Mun. Law § 890–c (McKinney 1986). WWIDA contracted with ARRA to design and construct the burn plant, which was eventually completed in 1991. WWIDA and ARRA also entered into an installment sales agreement whereby the WWIDA issued bonds to finance the construction of the burn plant. WWIDA and ARRA further entered into a service agreement wherein ARRA was obligated to operate the burn plant, and WWIDA would provide solid disposable waste to the plant for a period of twenty-five years. Finally, the Plaintiff entered into a contract with WWIDA to deliver all processible waste generated in Washington and Warren Counties[2] to the IDA and pay a fee to the IDA for disposing of the waste which would be used to pay off the bonds.

On January 19, 1993, Plaintiff filed its original complaint asserting ten claims premised on the Civil Racketeering Influenced Corrupt Organizations Act ("RICO"), violation of the New York GML, and violation of New York common law. Plaintiff sought a declaration that the various contracts were null and void, a return to the Plaintiff of all monies paid under the agreements, and various other damages. In essence, the Plaintiff alleged that the contracts were tainted by a prohibited conflict of interest possessed by one of the members of the Washington County Board of Supervisors, specifically Defendant William Nikas, who was involved in the negotiation of the contracts. On September 2, 1993, the Plaintiff amended its complaint adding an additional civil RICO claim and an additional New York GML claim. Thereafter in 1995, the parties filed cross-motions for summary judgment.

On March 31, 1997, this Court issued a Memorandum–Decision and Order granting summary judgment for the Defendants on the Plaintiff's Civil RICO and GML claims, and granting partial summary judgment on Plaintiff's common law claims, insofar as they sought rescission of the waste disposal contracts. The claims now remaining are for breach of fiduciary duty against Defendant Nikas, and for breach of the implied covenant of good faith and fair dealing against Defendants Barber and ARRC.[3] *See County of Washington*, 1997 WL 152001, at *9.

## Discussion

### I. *PLAINTIFF'S MOTION TO AMEND*

As stated, Plaintiff seeks to again amend its Complaint by adding four new claims.

---

1. Additionally, Defendant Nikas submitted a three page letter styled as a cross-motion for summary judgment on the Plaintiff's seventh, eighth, and eleventh cause of action. Defendant Nikas asks the Court to accept this letter in lieu of a correctly filed motion because he "has no expertise in the procedural formalities required by the Federal Courts." The Court finds that the gross inadequacies with Nikas' "motion" amount to much more than procedural formalities. Further, the Court will not excuse these deficiencies because even though Nikas is appearing in this matter prose, he is still an attorney licensed to practice in New York. As such Defendant Nikas' "motion" is denied pursuant to Local Rules 7.1(b)(3), 7.1(d), and 7.1(f).

2. Plaintiff contracted separately with Warren County to deliver its waste to WWIDA.

3. The Court retained jurisdiction over the remaining state claims pursuant to its discretion under 28 U.S.C. § 1367. *See County of Washington*, 1997 WL 152001, at *7.

Two of the claims advance new theories under the New York GML which Plaintiff argues justify voiding the waste disposal agreements. A third claim is premised on the Washington County Code of Ethics, which Plaintiff also argues justifies rescission of the agreements and restitution. Plaintiff's remaining new claim alleges breach of fiduciary duty against Defendants Barber, ARRA, ARRC, and FWHF.

Plaintiff argues that the facts which give rise to each of its new claims were already present in the previous complaint and that there is no prejudice to the Defendants.[4] Plaintiff further argues that its proposed amendment is not futile because the new claims are meritorious under the applicable legal standards.

■ Rule 15(a) of the Federal Rules of Civil Procedure permits a district court to grant leave to amend a pleading when justice so requires. *See* Fed.R.Civ.P. 15; *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, the court does not automatically grant leave to amend. *See Southmark Corp., v. Schulte Roth & Zabel*, 88 F.3d 311, 314 (5th Cir.1996). When a plaintiff seeks to add a new claim, a court may consider: the likelihood the claim is being added to protract the litigation and complicate the defense; the probable merits of the claim; whether the claim could have been added earlier; and the burden on the defendants in defending against the claim. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir.1996). Thus, when a party moves to amend the complaint after a judgment has been issued (despite the opportunity to do so earlier), a court may exercise its discretion more exactingly. *See State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir.1990). " 'A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.' " *Id* . (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)). The Court will address each of the Plaintiff's proposed new claims in light of these judicial guidelines.

### A. New York General Municipal Law § 120–w(e)(4)

As stated, two of Plaintiff's new claims are premised on New York GML. In support of adding a claim under NYGML § 120–w(e)(4), Plaintiff first revives its previous argument that the First Amended Complaint already sufficiently alleges such a claim. As a threshold matter, the Court finds that the First Amended Complaint does not fairly give notice of this new claim. *See Simmons II v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (stating that under the Federal Rules, the pleading must give fair notice of the claims asserted). Contrary to the assertions of the Plaintiff, the Court did not recognize the existence of this claim at oral argument on August 10, 1995. At that hearing, the Court observed that there was no § 120–w claim in the complaint and advised the Plaintiff that an amendment was required. (Tr. at 41, ¶ 17). The Plaintiff then orally moved to amend the complaint. (Tr. at 42, ¶ 22). The Court reserved on that motion, (Tr. at 42, ¶ 23–24), and asked for submissions. (Tr. at 43, ¶ 4–5,18–19). The Court did not receive submissions from the Plaintiff until May of 1997, after its decision on the summary judgment decision. Thus, contrary to Plaintiff's assertion, the Court clearly indicated at oral argument that it did not consider the complaint to contain a claim based on NYGML § 120–w(e)(4).

■ A reexamination of the First Amended Complaint yields the same conclusion. The parts of the complaint referencing competitive bidding do so only in context of the contracts between the IDA and ARRA, which are exempt from the public bidding requirements of the GML and admittedly not a part of Plaintiff's new claim. Furthermore, the Plaintiff showed no hesitation in citing the exact provision of the General Municipal Law serving as authority for its other GML claims, yet § 120–w(e)(4) appears nowhere in the 69 page, 243 paragraph First Amended Complaint. It is further telling that the drafter of the First Amended Complaint is

---

4. The Plaintiff also argues that the delay in seeking this amendment is explainable because prior to the summary judgment motion the Plaintiff

was under the mistaken belief that these claims already existed in the complaint.

the same law firm who originally advised the Plaintiff that § 120–w(e)(4) was not implicated by the waste disposal contracts at issue (*See* Doc. # 229, Genovese Ex. 11, at 25.) Thus, from this context it would appear that sometime in the summer of 1994, after the substitution of counsel for the Plaintiff, present counsel began to form the opinion that an additional GML claim existed based on the competitive bidding statute. (*See* Carpinello Reply Decl. at ¶ 12) Yet, Plaintiff did not raise the issue with the Court until early spring of 1995, over two years after the original filing, and did not properly move to amend the pleadings until May of 1997. The Court finds that such a passage of time constitutes an undue delay which substantially prejudices the Defendants in their defense of this action. *See Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (denying motion to amend as untimely after a one and a half year delay when the facts giving rise to the claim were known at the time of the original filing).

 However, even assuming arguendo that Plaintiff's motion to amend was timely, the addition of the Plaintiff's GML § 120–w claim would still be futile. New York GML § 120–w(4)(e) requires municipalities who enter into contracts for the construction, finance, and operation of solid waste management-resource recovery facilities to use one of two types of competitive bidding processes. *See* N.Y. Gen. Mun. Law § 120–w(4)(e) (McKinney 1986). Failure to follow the competitive bidding requirements of the GML can result in voiding of the resulting contracts as violative of New York public policy in actions brought by wronged bidders or by taxpayers. *See e.g., Gerzof v. Sweeney*, 16 N.Y.2d 206, 264 N.Y.S.2d 376, 378–79, 211 N.E.2d 826, 826–27 (1965). Plaintiff's proposed claim is limited solely to the contract between the Plaintiff, Washington County, and WWIDA. Apparently conceding that § 884 of the GML specifically exempts IDAs from the public bidding requirements of the GML, *see* N.Y. Gen. Mun. Law § 884 (McKinney 1986), Plaintiff focuses only on the contract between itself and its own duly created industrial development agency. Thus, in actuality, Plaintiff is bringing a claim against itself for its own failure to use competitive bidding in awarding a contract to the WWIDA.

The Plaintiff has presented no authority for such a claim, nor has the Court discovered any. Further, such a claim makes little sense considering that New York law, which specifically exempts IDAs from the public bidding requirements of the GML, *see* N.Y. Gen. Mun. Law § 884, empowers municipalities to enter into contracts with their own IDAs to effectuate the purposes of the Industrial Development Act, *see* N.Y. Comp. Opp. 86–22. Furthermore, it would appear that the state legislature expressly authorized Washington County to enter into a waste disposal agreement with the WWIDA in Chapter 682 of the Laws of 1985. *See* State of New York Commission of Investigation Report, *An Investigation of the Adirondack Resource Recovery Project*, p. 34–35 Oct. 1994; *see also* Governor's Bill Jacket to Chapter 682.

Even if Plaintiff's claim can be considered actionable based on a violation of state law, it would present a novel issue of first impression, requiring this Court to interpret state legislative intent and create new state common law. As such, this Court would be compelled to decline supplemental jurisdiction and defer to state court construction, *see* 28 U.S.C. § 1367(c)(1), making amendment futile. Accordingly, insofar as Plaintiff seeks to amend its complaint to add a claim based on NYGML § 120–w(e)(4), its motion is denied as both untimely and futile.

*B. General Municipal Law § 805–a(1)(a)*

As stated, Plaintiff also seeks to add a claim alleging that Defendant Nikas violated NYGML § 805–a(1)(a) by accepting illegal gifts and gratuities. The Court finds that even if such an amendment were timely, this claim is futile based on the previous holding of the Court as to the Plaintiff's other related General Municipal Law claims. *See County of Washington*, 1997 WL 152001, at * 7–8 (finding that the Plaintiff had failed to state a claim for violation of the General Municipal Law because the contracts at issue could not be fairly linked to Defendant Nikas' prohibit-

ed conduct, even if true). Thus, Plaintiff's motion to amend is denied with respect to this claim.

### C. Washington County Code of Ethics

The third claim Plaintiff seeks to have added by way of amendment is a claim seeking to void the waste disposal agreements because Defendant Nikas violated § 3(a) of the Washington County Rules of Ethical Conduct, Resolution No. 102 of the Washington County Board of Supervisors. Such an amendment is denied for substantially the same reasons as set forth above with respect to Plaintiff's proposed claim based on NYGML § 120–w.

### D. Inducing a Breach of Fiduciary Duty

■ Plaintiff's proposed fourth claim alleges both a breach of fiduciary duty by Defendant Nikas and inducing a breach of fiduciary duty by Defendants Barber, ARRA, ARRC, and FWHF. The breach of fiduciary duty by Defendant Nikas already exists in the First Amended Complaint and therefore no approval is required. As to the "inducement" claim, with respect to Barber, ARRA, ARRC, and FWHF, the Court finds that there would be minimal prejudice to the Defendants by adding such a claim, and grants Plaintiff's motion to amend. However, Plaintiff's request for relief in the form of a declaration that the contracts at issue are "null and void ab initio" is stricken from the Second Amended Complaint pursuant to this Court's previous decision. See id. at *8–9.

Thus, Plaintiff's motion to amend its First Amended Complaint is granted insofar as it includes a claim against Defendants Nikas, Barber, ARRA, ARRC, and FWHF for inducing a breach of fiduciary duty, and only insofar as it seeks appropriate damages for such claim.

### II DEFENDANTS BARBER AND ARRC'S CROSS–MOTION FOR SUMMARY JUDGMENT

■ Defendants Barber and ARRC join in moving for summary judgment on the ninth and tenth causes of action in the Plaintiff's First Amended Complaint both of which allege breach of the implied covenant of good faith and fair dealing. However, Plaintiff's Second Amended Complaint does not allege such claims. It is axiomatic that an amended complaint "supersedes the original and renders it of no legal effect." See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977). Thus, the Court will consider the Plaintiff's failure to renew its claims premised on the implied covenant of good faith and fair dealing in its proposed amended pleading as consent to drop those claims. Therefore, such claim are no longer before the Court, and Defendants Barber and ARRC's cross-motion is denied as moot.

### Conclusion

Based on the foregoing, the Court grants Plaintiff's motion to amend its complaint only insofar as it seeks to add a claim for inducing a breach of fiduciary duty by Defendants Barber, ARRC, ARRA, and FWHF. Therefore, Plaintiff's Second Amended Complaint, as it stands now, contains only the above-mentioned claim and a claim for breach of fiduciary duty against Defendant Nikas. Therefore, it is hereby

ORDERED that Plaintiff's motion to amend its First Amended Complaint is DENIED, in part, insofar as it seeks to add (1) a NYGML § 120–w(e)(4) claim, (2) a Washington County Code of Ethics violation, (3) a NYGML § 805–a(1)(a) claim, and (4) a declaration that the aforementioned contracts are null and void. It is further

ORDERED that Plaintiff's motion to amend is GRANTED, in part, insofar as it seeks to add a claim for inducing a breach of fiduciary duty against Defendants Barber, ARRC, ARRA, and FWHF. It is further

ORDERED that Defendants Barber and ARRC's cross-motion for summary judgment is DENIED as moot. It is further

ORDERED that Plaintiff will initiate a telephone conference with all the parties and the Court on Thursday, February 5, 1998 at 12:00 in order to set a trial date for this action.

**IT IS SO ORDERED.**