COUNTY OF WASHINGTON,
Plaintiff–Appellant,

v.

COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY, Adirondack Resource Recovery Associates, Adirondack Resource Recovery Corporation, Foster Wheeler Hudson Falls, Inc., The Bank of New York, as Trustee, William L. Nikas, Robert R. Barber, County of Warren, Defendants–Appellees.

No. 00–7472.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2001.

George F. Carpinello, Boies, Schiller & Flexner, LLP, Jeffrey S. Shelley, on the brief, Albany, NY, for appellant.

Jon P. Devendorf, Hiscock & Barclay, LLP, Syracuse, NY, for defendants-appellees Adirondack Resource Recovery Associates and Foster Wheeler Hudson Falls, Inc., Anthony S. Genovese, Greene, Genovese & Gluck, P.C., David C. Burger, on the brief, NY, NY, for defendant-appellee Adirondack Resource Recovery Associates, James H. McGowan, III, Menter, Rudin & Trivelpiece, P.C., Syracuse, NY, for defendant-appellee Foster Wheeler Hudson Falls, Inc., Alfred W.J. Marks, Emmet, Marvin & Martin, LLP, NY, NY, for defendant-appellee Bank of New York, as Trustee, Timothy J. Perry, Sugarman, Wallace, Manheim & Schoenwald, L.L.P., Syracuse, NY, for defendant-appellee County Warren.

Present NEWMAN, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff commenced the instant action in January 1993, and, in an Amended Complaint filed in September 1993, asserted twelve claims for relief against defendants under Civil RICO; N.Y. Gen.Mun.Law §§ 801, 803, and 804; breach of common law fiduciary duty; and breach of an implied covenant of fair dealing. Plaintiff's claims arise out of various contracts among plaintiff, defendant Counties of Warren and Washington Industrial Development Agency ("the IDA"), and defendant Adirondack Resource Recovery Associates ("ARRA") governing the construction and operation of the Hudson Falls Resource Recovery Plant ("the plant"). *See County of Washington v. Counties of Warren and Washington Indus. Dev. Agency,* No. 93–CV–0086 (FJS), 1997 WL 152001, at *1–3 (N.D.N.Y. Mar.31, 1997). In short, plaintiff alleges that defendant Nikas, who served in various positions on the Washington County Board of Supervisors and on the IDA between 1982 and 1987, and defendant Barber, the owner of ARRA, planned and executed a scheme to benefit ARRA at plaintiff's expense. These covert dealings and actions, according to plaintiff, rendered various aspects of the contracting process illegal and the resulting contracts void.

Plaintiff moved for summary judgment on its RICO claims; defendants opposed plaintiff's motion and cross-moved for summary judgment on plaintiff's claims based on New York General Municipal Law and breach of the implied covenant of good faith and fair dealing. In a Memorandum Decision and Order dated March 31, 1997, the District Court dismissed plaintiff's RICO claims for lack of standing, retained jurisdiction over plaintiff's state law claims, and granted defendants' motion for summary judgment on plaintiff's claims under New York General Municipal Law as well as under the implied covenant of good faith and fair dealing. *See County of Washington,* 1997 WL 152001. Next, in a Memorandum Decision and Order dated January 27, 1998, the District Court de-

nied plaintiff's motion to amend its Amended Complaint to state claims under, *inter alia*, New York Gen.Mun.Law § 120 w, concerning state bidding procedures. *See County of Washington v. Counties of Warren and Washington Indus. Dev. Agency*, 177 F.R.D. 119, 123 (N.D.N.Y. 1998). Finally, in a Memorandum Decision and Order dated June 22, 1998, the District Court dismissed plaintiff's remaining claims under FED.R.CIV.P. 12(b)(6). *See County of Washington v. Counties of Warren and Washington Indus. Dev. Agency*, No. 93–CV–0086 (FJS), 1998 WL 357367 (N.D.N.Y. June 22, 1998). On March 20, 2000, the District Court entered an Amended Judgment dismissing plaintiff's complaint on the grounds stated in its prior orders.

On appeal, plaintiff challenges: (1) the District Court's dismissal of its RICO claims on standing grounds; (2) the District Court's refusal to find the contracts in question void; (3) the District Court's decision to retain supplemental jurisdiction over its state law claims; and (4) the District Court's denial of its motion to amend its complaint. We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See, e.g., Bayway Refining Co. v. Oxygenated Mktg. Trading, A.G.*, 215 F.3d 219, 222 (2d Cir.2000). We review the District Court's decision to exercise supplemental jurisdiction over state law claims for abuse of discretion, *see, e.g., Mauro v. Southern New England Telecommunications, Inc.*, 208 F.3d 384, 388 (2d. Cir.2000). Likewise, we review the District Court's denial of leave to amend plaintiff's Amended Complaint for abuse of discretion. *See, e.g., Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir.1998), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592, 142 L.Ed.2d 534 (1998).

## I.  Civil RICO

The District Court properly dismissed plaintiff's RICO claims for lack of standing. To have standing to bring a RICO claim, "the RICO pattern or acts must proximately cause plaintiff's injury." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir.1990). This requirement means that "the plaintiff must prove both transaction and loss causation." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir.1994). Moreover, "when factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, the same injury cannot be said to have occurred by reason of the defendant's actions." *Id.*

In the instant case, plaintiff has not established that defendant Nikas's conduct was the proximate cause of its alleged deprivation under the mail fraud statute. *See* 18 U.S.C. § 1341. Under any theory of injury, plaintiff must show that Nikas's behavior was the proximate cause of its entering the governing contracts. Plaintiff cannot show this. It is undisputed that defendant Nikas left public office at the end of 1987. It is also undisputed that the injury in question occurred in October of 1988, when plaintiff entered the final contracts governing the plant's construction. In the intervening months, multiple events broke the chain of causation, including renewed debates about the project after the withdrawal of Essex County from the contracts and the opinion of a financial expert that withdrawing from the project would be a financial mistake. Moreover, before leaving public office, Nikas himself had publicly stated that Washington County should terminate the project if Essex County withdrew. Because plaintiff offers no explanation of how Nikas's actions were the proximate cause of its injury, its RICO

claims were properly dismissed for lack of standing.

## II. Validity of the Contracts

■ The District Court properly granted defendants' motion for summary judgment on plaintiff's request that the Court declare the governing contracts null and void because defendants breached the implied covenant of good faith and fair dealing. On appeal, plaintiff contends that the District Court misunderstood it to be requesting rescission of the contracts when plaintiff was actually asking the Court to declare that there are no contracts to rescind—*i.e.*, that the contracts were, and have always been, void—because the parties failed to comply with the state's bidding requirements. The language in the relevant part of plaintiff's Amended Complaint, however, does not support this reading, as plaintiff sought a judgment declaring the contracts "null and void" because defendants violated the implied covenant of good faith and fair dealing. The fact that plaintiff alleged a violation of the covenant of good faith and fair dealing necessarily implies that the plaintiff accepted that the parties entered a contract; after all, no covenant of good faith and fair dealing arises in the absence of a contract. *See, e.g., American–European Art Assocs., Inc. v. Trend Galleries, Inc.*, 227 A.D.2d 170, 171, 641 N.Y.S.2d 835 (1st Dept.1996). Thus, the District Court properly construed plaintiff's claim as a request for recission.

■ Furthermore, the District Court properly granted defendants' summary judgment motion on this claim. As the District Court correctly noted, rescission is an "extraordinary remedy," that will be permitted only when a breach is "material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." *Septembertide Pub. B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 678 (2d Cir.1989) (internal quotation marks omitted). Moreover, "rescission is appropriate only when a breach may be said to go to the root of the agreement between the parties." *Id.* In the instant case, even construing all disputed material facts in plaintiff's favor, the record does not support the conclusion that defendants breached the covenant of good faith and fair dealing in a manner that goes to the root of the agreement between the parties. Accordingly, rescission is not an appropriate remedy.

## III. Supplemental Jurisdiction

The District Court did not abuse its discretion in exercising supplemental jurisdiction over plaintiff's state law claims. The District Court reasonably concluded that interests of judicial economy and fairness to the litigants argued in favor of retaining jurisdiction after this case had already been litigated in federal court for more than four years. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (holding that, in deciding whether to exercise supplemental jurisdiction, a district court should consider the interests of judicial economy, convenience, fairness, and comity).

## IV. Leave to Amend Their Amended Complaint

The Court did not abuse its discretion in denying plaintiff leave to amend its Amended Complaint. Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely given." FED.R .CIV.P. 15(a). Nevertheless, a motion to amend should be denied if there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure defi-

ciencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990).

■ In the instant case, plaintiff sought and was denied leave to add two claims under the New York General Municipal law and one claim under the Washington County Code of Ethics. No newly discovered facts motivated these proposed amendments; in fact, plaintiff had been aware of the factual underpinnings of these claims since the outset of this litigation in January 1993. Yet plaintiff did not bring a motion to amend its Amended Complaint to include these claims until May 1997. In light of this timing, the District Court did not abuse its discretion in denying plaintiff's motion to amend on the ground of undue delay and prejudice. *Cf. Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir.1995) (affirming denial of leave to amend complaint when party moved to amend two-and-one-half years after bringing suit and three months prior to trial); *Cresswell*, 922 F.2d at 72 (affirming denial of leave to amend complaint when party moved to amend more than seventeen months after bringing suit, more than six months after their second amended complaint, and more than one month after responding to a summary judgment motion).

We note that, in denying plaintiff's motion for leave to amend, the District Court also relied on two other, seemingly contradictory, grounds: The District Court found that plaintiff's proposed claims were futile under New York law, and it found that, even if the claims were actionable (and, therefore, not futile), the Court would be compelled to decline supplemental jurisdiction over them as they presented "novel issue[s] of first impression, requiring the Court to interpret state legislative intent and create new state common law." *County of Washington*, 177 F.R.D. at 123. These confusing findings were unnecessary. Once the District Court denied plaintiff leave to amend its Amended Complaint on the grounds of undue delay and undue prejudice, it did not need to reach the merits of plaintiff's proposed state law claims. We affirm the District Court's denial of plaintiff's motion to amend only insofar as it rested on the procedural grounds discussed above. The District Court properly determined that plaintiff was not entitled at this time to add the non-federal claims to this federal lawsuit. Our affirmance of that procedural ruling leaves plaintiff free to pursue whatever non-federal claims might be cognizable in state court.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.